UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-114-RJC

| | |
|---|---|
| TIMOTHY ANSEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CLARENCE HICKS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on the following motions filed by Plaintiff:

1. Motion for Preliminary Injunction and Motion for Temporary Restraining Order, (Doc. No. 17);

2. Motion to Compel, (Doc. No. 18);

3. Motion to Strike Memorandum in Opposition to Motion for Preliminary Injunction and Motion for Temporary Restraining Order, (Doc. No. 21);

4. Motion to Amend/Correct Motion for Preliminary Injunction, Motion for Temporary Restraining Order, (Doc. No. 26);

5. Motion to Strike the Two Prison Documents, (Doc. No. 25-2 at 5-11 and Doc. 25-5 at 4-19), identified as investigations attached to Defendants' Memorandum in Support of Motion, (Doc. No. 30).

**I. DISCUSSION**

    A. <u>Motions Concerning Preliminary Injunction and Temporary Restraining Order</u>

This action, filed under 42 U.S.C. § 1983, concerns Plaintiff's contention that he was retaliated against for exercising his First Amendment rights and that he was denied due process

in a disciplinary proceeding while incarcerated. Plaintiff seeks injunctive relief based on an allegation in the motion that Defendants are serving him undersized portions of food and that Defendant Wineberger is harassing him by calling him derogatory names.

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits,(2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Reviewing Plaintiff's motion based on such factors, the Court concludes as follows: first, Plaintiff has not shown any likelihood of success on the merits; second, he has made no showing of irreparable harm absent granting the injunctive relief; third, the balance of equities does not tip in Plaintiff's favor as he has shown no equitable basis for granting such relief; and fourth, an injunction is not in the public interest because the relief sought would interfere with the orderly disposition of this case and would also negatively impact the operation of a correctional institution for no discernable reason. The Court further finds that Plaintiff's Motion to Strike Memorandum in Opposition to Motion for Preliminary Injunction and Motion for Temporary

Restraining Order, (Doc. No. 21), and Motion to Strike the Two Prison Documents, (Doc. No. 25-2 at 5-11 and Doc. 25-5 at 4-19), identified as investigations attached to Defendants' Memorandum in Support of Motion, (Doc. No. 30), are frivolous on their face and will also be denied.

      B.     <u>Motion to Compel</u>

In its previous Order, (Doc. No. 16), this Court set deadlines for filing dispositive motions and conducting discovery. After entry of that Order, Plaintiff appears to have sent a voluminous discovery request to Defendants, which was followed up by correspondence from Plaintiff to counsel for Defendants, which such counsel described as "scathing." (Doc. No. 20 at ¶ 14). Dissatisfied with Defendants' production, which included objections to certain discovery requests, Plaintiff filed a Motion to Compel, (Doc. No. 18), which is 21 pages long and supported by 81 pages of exhibits.

In accordance with Federal Rule of Civil Procedure 37, the Court has considered Plaintiff's motion as well as Defendants' response and cannot find Defendants' answers or responses to be either evasive or incomplete. <u>See</u> Fed. R. Civ. P. 37(a)(4). First, Defendants provided discovery and clearly noted the basis for each objection in their initial responses to Plaintiff's requests. <u>See</u> (Doc. No. 20-1). In response to the Motion to Compel, Defendants have clearly shown a lawful basis for their objections, including (1) that the bulk of Plaintiff's requests for production of documents had no bearing on whether Plaintiff's First Amendment rights have been violated or whether Plaintiff was afforded due process in his disciplinary hearing; (2) that production would jeopardize institutional security; and/or (3) that production was prohibited as a matter of law. <u>See</u> N.C. Gen. Stat. §§ 126-22, 126-24, 126-27, 148-74 & 148-76. Review of the exhibit annexed to Defendants' response indicates that adequate

responses have been made to Plaintiff's requests for admissions and/or interrogatories. (Doc. No. 20-1). Plaintiff's Motion to Compel will, therefore, be denied.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order, (Doc. No. 17), is **DENIED**;

2. Plaintiff's Motion to Compel, (Doc. No. 18), is **DENIED**;

3. Plaintiff's Motion to Strike Memorandum in Opposition to Motion for Preliminary Injunction and Motion for Temporary Restraining Order, (Doc. No. 21), is **DENIED**;

4. Plaintiff's Motion to Amend/Correct Motion for Preliminary Injunction, Motion for Temporary Restraining Order, (Doc. No. 26), is **DENIED**; and

5. Plaintiff's Motion to Strike the Two Prison Documents, (Doc. No. 25-2 at 5-11 and Doc. 25-5 at 4-19), identified as investigations attached to Defendants' Memorandum in Support of Motion, (Doc. No. 30), is **DENIED**.

Signed: March 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge